UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------X
```

WILLI FRANCISCO SANTOS,

                             Plaintiff,

          -against-

227 E 178 REALTY CO. LLC,

                          Defendant.

```
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_2/27/2026___

24-CV-9159 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

This case contains a claim arising under the Fair Labor Standards Act ("FLSA").  The Court was informed that the parties had reached an agreement in principle on December 22, 2025.  Letter, Dkt. 30.  On December 29, 2025, the Court entered an Order directing the parties to provide a copy of the settlement agreement and a joint letter motion explaining why the settlement, including any provision for attorneys' fees and costs, is fair, reasonable, and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  Order, Dkt. 31.  On February 3, 2026, the parties submitted the Motion for Settlement Approval, proposed settlement agreement, and related papers.  Mot. for Sett. Approval, Dkt. 34.  The Court then asked Plaintiff to clarify why the proposed settlement agreement front-loaded counsel's fees (or, alternatively, to adjust the settlement accordingly).  Order, Dkt. 35.  On February 26, 2026, Plaintiff responded.  Letter, Dkt. 36.

Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiff's claims as well as the risks and expenses involved in additional litigation.  *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y.

2012).  The settlement also does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions.  *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiff seeks approval of $481 in costs and $8,173 in attorneys' fees, which is one-third of the settlement amount after costs, pursuant to a retainer agreement.  *See* Mot. for Sett. Approval, Dkt. 34 at 3–5; *see also* Retainer Agreement, Dkt. 34-1 at 2; *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)) ("The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'").  Courts in this Circuit "routinely" approve of one-third contingency fees in FLSA cases.  *See Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023); *see also Fischer*, 948 F.3d at 602 n.8 (citing cases).  Courts have also found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [P]laintiff."  *See Almanzar*, 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023).  The Motion states that the fee total calculated according to the lodestar method would be $13,960, based on 27.92 hours and a fee-shifting hourly rate of $500 per hour.  Mot. for Sett. Approval, Dkt. 34 at 3; *see also* Time Records, Dkt. 34-3 at 3.  The Court, therefore, finds the one-third contingency fee award, which is less than the lodestar calculation and consistent with the retainer agreement, to be fair and reasonable.

Finally, the Court finds the requested costs to be reasonable.  Plaintiff's attorney seeks costs of $405 in filing fees and $76 in service of process costs, "which are costs that are routinely recoverable in litigation."  *See* Expense Records, Dkt. 34-4; *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).  Plaintiff's counsel has explained that Plaintiff

agreed to repay the case costs in the first installment of settlement payments in this case, as opposed to, say, splitting the costs evenly over the three installments.  Letter, Dkt. 36.  The Court looks skeptically at settlement agreements that expedite payment (even repayment) of the lawyer over payment of their client, but the Court is, here, choosing not to interfere with what Plaintiff and his counsel have agreed upon.

For the foregoing reasons, the Court approves the settlement.  This action is dismissed with prejudice and without costs except as stated in the settlement agreement.  The Court will retain jurisdiction to enforce contract actions related to the settlement, including nonpayment according to the terms if applicable.  The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **February 27, 2026**
       **New York, New York**

_____
       **VALERIE CAPRONI**
**United States District Judge**